IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMIAH J. LYNCH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 05-201J |
| v. | ) |
| | ) |
| JOHNSTOWN WIRE TECHNOLOGIES, | ) JUDGE GIBSON |
| and WALTER ROBERTSON, III, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

Before the Court are two motions: the Plaintiff's Motion to Compel Discovery (Document No. 17) and the Defendants' Motion for Protective Order (Document No. 20). Based upon the analysis herein, the Motion to Compel is granted and the Motion for Protective Order is granted.

The Plaintiff seeks to compel responses to interrogatories numbers 8 and 12 and document requests numbers 9, 12, 15, 16, and 20 which he served upon the Defendants on October 21, 2005.[1]

The Defendants object to the Plaintiff's motion based upon the fact that interrogatory number 8 and document request number 9 are too broad in that the Plaintiff seeks information regarding Defendants' management salaries and other FMLA or age discrimination claims filed against the Defendants and do not seek such information only in relation to those similarly situated to him.

---

[1] Although the Plaintiff indicates Document Request Number 13 in its proposed order, no discussion of it is included within his motion and a copy of it is not attached with Exhibit A to the motion.

The Court finds that the often used term "similarly situated" in matters of employment discrimination for purposes of this civil action relates not only to those salaried employees with management responsibilities who were terminated at the same time as the Plaintiff, but also those who were retained and not terminated at that time. If the Court were to agree with the Defendants' position that "similarly situated" refers only to those persons who were terminated at the same time as the Plaintiff allegedly because of corporate financial difficulties, there would be no need for the term "similarly situated," as such persons would be the same and there would not be a larger class of persons from which the "similarly situated" salaried management employees could be drawn and compared with and thus, the Plaintiff would be unable to prove any differing treatment. To put it another way, the fact that some salaried management employees were retained rather than terminated creates a reference point through which the Court can evaluate whether those salaried management employees who were terminated were in fact terminated for alleged financial difficulties or for an improper reason such as differences in age or retaliation for exercise of FMLA rights.

In matters of pretext employment discrimination suits, the need to prove false any proffered reason for employment actions through comparison plays a vital role. For the Court to allow only discovery with regard to employees terminated along with the Plaintiff would not provide the complete picture of the relevant personnel actions. The financial condition of the Defendants is in issue and will most likely be the proffered reason for the actions taken against the Plaintiff. Certainly, the Defendants may have retained certain personnel who were paid more than the Plaintiff, but such people may have also been retained because they could fulfill the added duties of those terminated employees better than an employee who was terminated while still continuing their same duties and continuing under the same

pay. To understand the decision-making that occurred and to be able to test his theory, the Plaintiff must possess information related to all salaried management personnel, those retained and terminated, not just those terminated. This is consistent with the precedent of *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 249-250 (3d Cir. 2002) which recognizes that the fourth element of the first step of the *McDonnell Douglas* framework for a reduction in force pretext discrimination case, such as the case *sub judice*, is *retention* of a "sufficiently younger" and "similarly situated" employee. Thus, a discussion regarding the retention of a similarly situated employee could not occur under the Defendants' proposed definition of similarly situated as they would only view those persons who were terminated as being similarly situated with the Plaintiff. Therefore, the Court finds that the persons similarly situated for purposes of this civil action, are those salaried employees with management duties, whether such persons were terminated along with the Plaintiff or retained at the time of the Plaintiff's termination.

With this understanding, the Court makes the following rulings with respect to the Plaintiff's Motion to Compel for the following interrogatories and requests for production of documents:

Interrogatory No. 8: The Plaintiff shall provide a definition for the term "management position" so that the Defendants may answer this interrogatory. The Defendants' relevancy objection is overruled and the information sought by the Plaintiff is found by the Court to be relevant and/or that it will lead to the discovery of relevant evidence and the Defendants shall provide the salary information for the salaried employees outlined in the Defendants' response and the Plaintiff shall comply with the protective order set forth herein with respect to this information. The Defendants shall provide any further relevant, responsive, but previously unproduced, information after receiving a definition of "management position" from the Plaintiff.

Interrogatory No. 12: The Plaintiff shall provide a definition for the term "management employees" so that the Defendants may answer this interrogatory as they previously indicated that they would under the rubric of a protective order.

Document Request No. 9: The Defendants' relevancy objection is overruled and the information sought by the Plaintiff is found by the Court to be relevant and/or that it will lead to the discovery of relevant evidence *as to those similarly situated as defined for this civil action by the Court above* and the Defendants shall provide such relevant documents from the period of January 1, 2000 through the date of October 21, 2005, the date of the submission to the Defendants' attorney.

Document Request No. 12: The Defendants shall produce the documents requested within this request as they previously indicated that they would under the rubric of a protective order.

Document Request No. 15: The Defendants shall produce the documents requested within this request as they previously indicated that they would under the rubric of a protective order.

Document Request No. 16: The Defendants shall produce the documents requested within this request as they previously indicated that they would under the rubric of a protective order.

Document Request No. 20: The Defendants shall produce the documents requested within this request as they previously indicated that they would under the rubric of a protective order.

The Defendants have moved for a protective order for the information sought by the Plaintiff in reference to Plaintiff's Interrogatory Number 12, and Document Request Numbers 12, 15, 16, and 20. While the Plaintiff has previously agreed to enter into a protective order with respect to "any

personnel files that are produced in litigation"[2] and "any information pertaining to any releases signed by other JWT management employees laid off in 2002 or 2003 would remain confidential"[3] he continues to object to any entry of a protective order because in his counsel's belief, the Defendants have failed to meet their burden of demonstrating "good cause" for the entry of such any order.

The information at issue in the case *sub judice* for which the Defendants seek a protective order is summarized as follows: "1) JWT's corporate tax returns; 2) Investment and loan information regarding JWT management employees; 3) JWT Board of Directors' minutes; and 4) JWT's insurance policy." Defendants' Response (Document No. 18). The Defendants maintain the burden of demonstrating good cause for the imposition of a protective order as to each document at issue and "'[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.'" *Pansy v. Borough of Stroudsburg, et al.*, 23 F.3d 772, 786-787 (3d Cir. 1994). Defendants cite to the case of *Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D.Pa. 1994) for the proposition that revealing to the public documents reflecting their financial condition constitutes a defined and serious injury as such information can be accessed by their competitors and thus demonstrate their financial competitiveness in the respective market for their products. Although *Miles* is an opinion discussing a "defined and serious injury" two months prior to the publication of the seminal case of *Pansy*, the Court believes the balancing test of *Pansy* would still result in a finding that the loss of competitiveness by public revelation of a litigant's

---

[2] Plaintiff's Motion, Exhibit E.

[3] Plaintiff's Motion, ¶ 11.

financial condition would be "good cause" for the imposition of a protective order.

The *Pansy* court espoused a balancing test of six non-exclusive factors to be considered before entering a protective order: would the disclosure violate privacy interests, is the information sought for a legitimate or improper purpose, would disclosure cause embarrassment to a party, is the information "important to public health and safety," would "the sharing of information among litigants ...promote fairness and efficiency," and does the litigation involve parties and issues that are private or public? *Pansy* at 787-788.

The Court recognizes the following facts: 1) Defendant Johnstown Wire Technologies is a private corporation and Defendant Robertson is also a private party; 2) the disclosures requested concern matters of the financial condition of a private corporation and some of its employees; 3) the information is sought to prosecute this civil action and not for an improper purpose; 4) the sharing of this information with the Plaintiff is necessary for him to prepare for trial or make decisions regarding a possible settlement of this civil action; 5) the information sought does not concern the public health or safety, or any public issues for that matter, but the disclosure of such private information, particularly salaries of other employees could cause embarrassment or negative reaction by members of the public against persons who are not parties to this litigation; and 6) the revelation of the financial information sought by the Plaintiff could be used to the detriment of the Defendants by competitors in the Defendants' corporate market creating a "defined and serious injury." Therefore, with the balancing of these observations, the Court finds that the "good cause" necessary for imposition of a protective order has been established by the Defendants to ensure that the information is used only for the proper purpose of facilitating the Plaintiff's prosecution of this civil action. However, the Court recognizes,

as the Plaintiff has already done in its Motion and its Response to the Defendants' Motion, that any matter filed with the Court will become available for public view and therefore, if the answers or documents ordered produced today, for example, become the center of an issue for a motion *in limine* or if they are admitted at trial, the public will have access to them through no fault of the Plaintiff. The Court reminds the parties that discovery material is generally not accepted for filing by the Clerk of Court without an Order of Court and in other limited circumstances. *See* Local Rule 5.3. The Defendants' concern is the possible dissemination of these materials directly to third parties by the Plaintiff and that concern will be alleviated by the protective order entered today by the Court. The Defendants' motion for protective order is granted.

**AND NOW**, this 9th day of March, 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Motion to Compel (Document No. 17) is GRANTED consistent with the rulings set forth in the Memorandum Opinion; and IT IS FURTHER ORDERED THAT the Defendant's Motion for Protective Order (Document No. 20) is GRANTED.

IT IS FURTHER ORDERED THAT because information to be furnished to the Plaintiff in accordance with the foregoing Memorandum Opinion and Order of Court granting the Plaintiff's Motion to Compel is confidential information the Plaintiff, Plaintiff's counsel and any other individuals who are or become associated with the preparation or trial of Plaintiff's claims shall not disclose personnel files (other than the Plaintiff's), any information contained in those files, salary information, performance appraisal information, information concerning management or Board meetings, information concerning force reductions (except that information concerning Plaintiff in particular),

financial information, investment information (except that information concerning Plaintiff in particular), and information regarding Johnstown Wire Technology's insurance policy received in discovery from Defendants, except for the sole purposes related to this civil action and for no other purposes, that no copies of any documents be made except for the purposes related to this civil action, and that all copies of any documents furnished to Plaintiff and/or Plaintiff's counsel be returned to counsel for the Defendants upon termination of this case, including any appeals, except for documents containing notes made in preparation for litigation, which will be retained solely by Plaintiff's counsel and will not be divulged without the express written consent of Defendants. Plaintiff and/or Plaintiff's counsel, however, are not required to return those copies submitted to the Court or used as deposition exhibits.

The provisions of this Protective Order governing access to and prohibiting disclosure of the documents and information designated herein shall continue in full force and effect both during the pendency of this action and afterwards, and shall not terminated except upon Order of this Court after notice to the parties.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE